**BOYLE, Treas. etc., Plaintiff-Appellee, v. STROMAN et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21536. Decided February 27, 1950.

Frank T. Cullitan, County Pros., George E. Leddon, Asst. County Pros., Cleveland, for plaintiff-appellee.

Richard DeNobel, James C. Maher, Cleveland, for defendant-appellant.

(CONN, PJ, of 6th District; HUNSICKER, J, DOYLE, J, of 9th District sitting by designation in the 8th Appellate District.)

## OPINION

By HUNSICKER, J:

In this appeal on questions of law, the facts disclose that on December 23, 1940, a journal entry was filed with the Clerk of Courts of Cuyahoga County, Ohio, decreeing a foreclosure of certain tax liens against lands of Walter J. Stroman and James J. Laughlin, Jr., who had been personally summoned in such action. This decree contained therein the following paragraph:

"It is further ordered that upon the sale of the within described premises and confirmation thereof, such defendants who have failed to file answers or other pleadings thereto, together with such who have right of dower although not a party to this action, shall be forever barred from asserting any right, title or interest therein."

No order of sale was ever issued to sell such land pursuant to this decree.

James C. Maher purchased the interest of Walter J. Stroman in 1947 and in February, 1948, filed in behalf of himself and James J. Laughlin, Jr., a petition to vacate the decree of tax foreclosure. Demurrers were filed thereto by the county authorities and the City of Parma, which demurrers were sustained. No further action on such petition to vacate was taken.

On May 14, 1948, James C. Maher filed a motion to modify the decree of December 23, 1940, seeking to establish his priority over certain special assessments liens on which the tax foreclosure in part was based and seeking other changes in the decree.

Upon motion of the county authorities and the City of Parma the motion to modify was ordered stricken from the files. It is from such order to strike from the files the motion to modify the decree of December 23, 1940, that James C. Maher prosecutes his appeal to this court.

The claim of James C. Maher is that by the terms of such decree of December 23, 1940, and in particular that paragraph set out above, the court reserved a final determination of the issues until after the sale and confirmation thereof, thereby making it possible for any of the parties to apply for modification as a matter of right.

With this contention we cannot agree. The §11582 GC, defines a judgment as follows:

"A judgment is the final determination of the rights of parties in action."

Was the judgment rendered December 23, 1940, of such a character as to constitute a lien upon these lands? The form of the judgment corresponds to a decree in chancery; nothing remained to be done but to execute the judgment and, because of the nature of the action, the parties were permitted to redeem the lands as permitted by law. **Sec. 5718 et sequi, GC.**

The rights of the parties had been litigated, the action of the court was in no sense interlocutory but was final and conclusive.

The delay of execution provided for in the decree, worked no hardship upon the parties and created no change in the finality of the judgment between the parties.

When we examine the entire journal entry and consider each and every provision thereof, we are impelled to conclude that the intent of the court was to enter a final judgment and not a conditional or interlocutory order.

The rule concerning the construction of judgments is found in 34 Corpus Juris, Judgments, Sec. 794, page 501, which says:

"The legal operation and effect of a judgment must be ascertained by a construction and interpretation of it. This presents a question of law for the court. Judgments must be construed as a whole, and so as to give effect to every word and part. The entire judgment rule may be looked to for the purpose of interpretation. * * *. **The legal effect, rather than the mere languaged used, governs.** In cases of ambiguity or

doubt, the entire record may be examined and considered * * *." (*Emphasis ours.*)

The judgment is affirmed. Exc. Order see journal.

CONN, J, DOYLE, J, concur.